UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOSHUA CARY MYERS,<br><br>                          Petitioner,<br>     v.<br>RENEE BAKER, *et al.*,<br><br>                         Respondents. | Case No. 3:14-cv-00082-MMD-VPC<br><br>ORDER |

This is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner. On July 24, 2014, this Court entered an order denying petitioner's motion for the appointment of counsel and requiring the State to file a response to the petition. (Dkt. no. 6.) Petitioner has filed a motion for reconsideration of the Court's order denying his motion for the appointment of counsel. (Dkt. no. 8.) Respondents have filed an opposition to petitioner's motion for reconsideration. (Dkt. no. 9.) Petitioner has filed a reply. (Dkt. no. 12.)

In challenging an interlocutory order, a district court may rescind, reconsider, or amend a previous order pursuant to its inherent power to modify interlocutory orders before the entry of final judgment. *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 886-87 (9th Cir. 1987). Pursuant to 18 U.S.C. § 3006(a)(2)(B), the district court has discretion to appoint counsel when it determines that the "interests of justice" require representation. There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993). The decision to appoint

counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984). As the Court found in its order denying the appointment of counsel, the petition on file in this action is well-written and sufficiently clear in presenting the issues that petitioner wishes to bring, and the issues in this case are not complex. In his motion for reconsideration, petitioner asserts that his "vocabulary of legal terms is extremely limited" and that he has problems with spelling and punctuation. (Dkt. no. 8, at p. 1.) These factors do not justify the appointment of counsel. Moreover, the Court notes that petitioner has successfully filed a reply to respondents' opposition of the motion for reconsideration (dkt. no. 12). Petitioner has also filed a detailed response to the pending motion to dismiss (dkt. no. 23) as well as a sur-reply (dkt. no. 25). Nothing in petitioner's motion for reconsideration causes this Court to alter its decision denying the appointment of counsel.

It is therefore ordered that petitioner's motion for reconsideration (dkt. no. 8) of the Court's order denying the appointment of counsel is denied.

DATED THIS 16th day of March 2015.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE