UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JOSHUA CARY MYERS, | Case No. 3:14-cv-00082-MMD-VPC |
| Petitioner, | ORDER |
| v. | |
| RENEE BAKER, *et al.*, | |
| Respondents. | |

This is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner.

Pursuant to 18 U.S.C. § 3006A(2)(B), the district court has discretion to appoint counsel when it determines that the "interests of justice" require representation in a habeas corpus case. The decision to appoint counsel is within the Court's discretion. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984). Counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process. *See Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir. 1970).

Previously, this Court denied petitioner's requests for the appointment of counsel. (Dkt. nos. 6 & 26). In the underlying state criminal case, petitioner was convicted of first degree murder and was sentenced to imprisonment for life without the possibility of parole. Upon closer review of the *pro se* petition and other filings submitted in this case, it is evident that petitioner lacks the ability to formulate legal arguments necessary to

litigate this relatively complex federal habeas action. For example, it is evident that petitioner seeks to assert the same substantive claims as were made in his state court direct appeal and post-conviction proceedings. However, in drafting the *pro se* federal habeas petition, petitioner identifies each of his grounds as ineffective assistance of counsel claims, while within those same grounds, he makes the substantive claims that were previously raised in state court. (*Compare* dkt. no. 7 *with* Exhibits 42 & 63.) To the extent that counsel is appointed and counsel then files an amended petition, such amendment would not be futile, as the substantive claims will likely relate back to the *pro se* petition's ineffective assistance of counsel claims. *See, e.g., Ha Van Nguyen v. Curry*, 736 F.3d 1287, 1296-97 (9th Cir. 2013). The Court finds that the interests of justice require the appointment of counsel in this case.

Therefore, the Federal Public Defender for the District of Nevada (FPD) shall be appointed to represent petitioner. If the FPD is unable to represent petitioner, due to a conflict of interest or other reason, then alternate counsel for petitioner shall be located, and the Court will enter a separate order appointing such alternate counsel. In either case, counsel will represent petitioner in all future federal proceedings relating to this matter (including subsequent actions) and appeals therefrom, unless allowed to withdraw.

It is therefore ordered that respondents' motion to dismiss (dkt. no. 15) is denied without prejudice.

It is further ordered that the Federal Public Defender is appointed to represent petitioner in this proceeding.

It is further ordered that the Clerk of Court shall electronically serve the Federal Public Defender for the District of Nevada (FPD) a copy of this order, together with a copy of the original *pro se* petition for writ of habeas corpus (dkt. no. 7). The FPD shall have thirty (30) days from the date of entry of this order to undertake direct representation of petitioner or to indicate to the Court its inability to represent petitioner in these proceedings.

It is further ordered that the Clerk of Court shall send a copy of this order to the CJA Coordinator.

It is further ordered that, after counsel has appeared for petitioner in this case, the Court will issue a scheduling order, which will, among other things, set a deadline for the filing of a first amended petition.

DATED THIS 24th day of September 2015.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE