UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOSHUA CARY MYERS,<br><br>                Petitioner,<br>    v.<br>TIMOTHY FILSON, *et al.*,<br><br>                Respondents. | Case No. 3:14-cv-00082-MMD-VPC<br><br>ORDER |

This represented habeas matter under 28 U.S.C. § 2254 comes before the Court on respondents' motion to dismiss. (ECF No. 49.) Respondents contend that Grounds 1(A), 2(B) and 3 are unexhausted. The parties further have provided preliminary argument as to the handling of procedural default issues in the event that the Court finds that the amended petition includes one or more unexhausted claims.

**I.    BACKGROUND**

Petitioner Joshua Myers challenges his Nevada state conviction, pursuant to a guilty plea, of first-degree murder with the use of a deadly weapon. He moved to withdraw his plea prior to sentencing. The state district court denied the motion, and the court thereafter sentenced petitioner to life without the possibility of parole and a consecutive sentence of 96 to 240 months. Petitioner challenged the conviction on direct appeal and in a state post-conviction petition. Petitioner was represented by appointed counsel during the state post-conviction proceedings, including the post-conviction appeal.

## II. DISCUSSION

### A. Exhaustion

#### 1. Governing Law

Under 28 U.S.C. § 2254(b)(1)(A), a habeas petitioner first must exhaust state court remedies on a claim before presenting that claim to the federal courts. To satisfy this exhaustion requirement, the claim must have been fairly presented to the state courts completely through to the highest state court level of review available. *Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (*en banc*); *Vang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003). In the state courts, the petitioner must refer to the specific federal constitutional guarantee upon which he relies and must also state the facts that entitle him to relief on that federal claim. *See Shumway v. Payne*, 223 F.3d 983, 987 (9th Cir. 2000). That is, fair presentation requires that the petitioner present the state courts with both the operative facts and the federal legal theory upon which the claim is based. *See Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005). The exhaustion requirement insures that the state courts, as a matter of federal-state comity, will have the first opportunity to pass upon and correct alleged violations of federal constitutional guarantees. *See, e.g., Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

Under *Rose v. Lundy*, 455 U.S. 509 (1982), a mixed petition presenting unexhausted claims must be dismissed unless the petitioner dismisses the unexhausted claims and/or seeks other appropriate relief, such as a stay to return to the state courts to exhaust the claims.

#### 2. Ground 1(A)

In Ground 1(A), petitioner alleges that his guilty plea was not entered voluntarily, intelligently, or knowingly, in violation of the Fifth, Sixth and Fourteenth Amendments, because initial trial counsel Roger Whomes intimidated and bullied Myers into pleading guilty. (ECF No. 38 at 10-13.)[1]

---

[1] All page citations herein are to the page number in the electronic header generated by CM/ECF rather than to any internal page numbering in the original document.

The Court is not persuaded that Ground 1(A) is unexhausted. On direct appeal, the Supreme Court of Nevada expressly addressed a claim that petitioner's "guilty plea was involuntary . . . [because] counsel intimidated and bullied him into pleading guilty." (ECF No. 40-20, at 2.)[2] A state supreme court decision on the merits of a claim of course exhausts the claim. *See Comstock v. Humphries*, 786 F.3d 701, 707 (9th Cir. 2015). Nuances such as petitioner referencing counsel's size in a footnote in his direct appeal brief rather than in the discussion in the text of the brief do not render Ground 1(A) unexhausted. Nothing in federal Ground 1(A) fundamentally alters the exhausted claim or places it in a different and significantly stronger evidentiary posture than when it was presented to the state courts. (*Compare* ECF No. 38 at 10-13 *with* ECF No. 40-16 at 16-18.) *See generally Dickens v. Ryan*, 740 F.3d 1302, 1318 (9th Cir. 2014) (*en banc*) (allegedly new factual allegations do not render a claim unexhausted if the allegations do not fundamentally alter the legal claim considered by the state courts or place the case in a significantly different and stronger evidentiary posture than when the state courts considered the claim).

Ground 1(A) is exhausted.

### 3. Ground 2(B)

In Ground 2(B), petitioner alleges that he was denied effective assistance of counsel in violation of the Sixth and Fourteenth Amendments when he functionally was denied the assistance of counsel on his *pro se* pre-sentencing motion to withdraw guilty plea and at the evidentiary hearing on the motion, given that the attorney appointed in that regard took the position that he could not ethically assist in the preparation or presentation of the motion. (*See* ECF No. 38 at 16-18.)

Petitioner concedes that Ground 2(B) was not actually exhausted in the state courts. He further maintains that the claim is procedurally defaulted but seeks to present

///

---

[2] *See also* ECF No. 40-20 at 3 (discussing the specifics of the claim, including as to counsel pounding the table and yelling at petitioner).

3

argument, in supplemental briefing, as to cause and prejudice to overcome the procedural default. The Court discusses the disposition of the unexhausted claims *infra*.

### 4. Ground 3

In Ground 3, petitioner alleges that the cumulative effect of the alleged constitutional errors deprived him of due process in violation of the Fifth and Fourteenth Amendments.

Petitioner maintains that a claim of cumulative error does not need to be exhausted under Ninth Circuit authority because a cumulative error analysis must be conducted regarding every properly presented claim on federal habeas review. None of the cases cited by petitioner in support of this assertion actually address exhaustion of a cumulative-error claim, and thus none of the cases hold that cumulative-error claims are exempted from the statutory exhaustion requirement in § 2254(b)(1)(A). (See cases cited in ECF No. 38 at 18-19.) Ninth Circuit case law instead clearly holds that such claims must be exhausted. *See, e.g., Wooten v. Kirkland*, 540 F.3d 1019, 1025-26 (9th Cir. 2008).

Ground 3 is unexhausted.

In the event that the Court finds the claim to be exhausted, petitioner seeks to present argument in supplemental briefing as to cause and prejudice to overcome a procedural default. The Court discusses that request *infra*.

### B. "Anticipatory Default" Determination

Petitioner requests that the Court entertain supplemental briefing directed to whether he can demonstrate cause and prejudice to overcome a procedural default of the unexhausted claims.[3]

Such a determination generally is not the next required step in a habeas case after it is determined that the petition contains unexhausted claims. Rather, generally, following

---

[3] While reported cases discuss the relationship between procedural default and exhaustion, the phrase "anticipatory default" does not appear in either Supreme Court or Ninth Circuit jurisprudence. The phrase appears in online legal research instead only in unreported cases from this District primarily addressing argument by the Federal Public Defender utilizing that terminology.

4

a holding that the petition contains unexhausted claims, the petition must be dismissed unless the petitioner either dismisses the unexhausted claims and/or obtains a stay to exhaust the claims, under *Rose v. Lundy*, *supra*, and following cases. *See Rhines v. Weber*, 544 U.S. 269 (2005) (requirements for a stay); *King v. Ryan*, 564 F.3d 1133 (9th Cir. 2009) (alternative stay procedure available under Ninth Circuit precedent).

As petitioner notes, a claim is technically exhausted if it is procedurally defaulted. *See, e.g., Nguyen v. Curry*, 736 F.3d 1287, 1292 (9th Cir. 2013). That does signify, however, that a claim is technically exhausted merely because a procedural defense would be *raised* by the respondents if petitioner returned to state court to exhaust a claim. The record instead must reflect that "it is clear that the state court would *hold* the claim procedurally barred." *Sandgathe v. Maass*, 314 F.3d 371, 376 (9th Cir. 2002) (emphasis added; prior case citations and quotation marks omitted).

In federal habeas cases arising out of Nevada, the state courts, generally, apply substantially the same standards as do the federal courts in determining whether a petitioner can demonstrate either cause or actual innocence in order to overcome a claimed procedural default.[4]

In past cases, this Court thus has rejected efforts by habeas petitioners to claim technical exhaustion by procedural default while at the same time arguing that they nonetheless can establish cause and prejudice or actual innocence to overcome that procedural default. Quite simply, if the petitioner has a potentially viable cause-and-prejudice or actual-innocence argument under the generally substantially similar federal

---

[4]Under state practice, "[a] petitioner can overcome the bar to an untimely or successive petition by showing good cause and prejudice." *E.g., Mitchell v. State*, 149 P.3d 33, 36 (Nev. 2006). In *Robinson v. Ignacio*, 360 F.3d 1044 (9th Cir. 2004), the court of appeals recognized that "Nevada's 'cause and prejudice' analysis and the federal 'cause and prejudice analysis' are nearly identical, as both require 'cause for the default and actual prejudice as a result.'" 360 F.3d at 1052 n.3. Moreover, the Nevada state courts also recognize the same exception for a fundamental miscarriage of justice, such that "[e]ven when a petitioner cannot show good cause sufficient to overcome the bars to an untimely or successive petition, habeas relief may still be granted if the petitioner can demonstrate that 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" *Mitchell*, 149 P.3d at 36 (*quoting Murray v. Carrier*, 477 U.S. 478, 496 (1986)).

and state standards, then petitioner cannot establish that "it is clear that the state court would *hold* the claim procedurally barred." *Sandgathe, supra.* On the other hand, if the petitioner has no such potentially viable arguments, then the claim indeed is technically exhausted; but it also is subject to immediate dismissal with prejudice as procedurally defaulted.

Neither alternative involves a federal court consideration of cause-and-prejudice or actual-innocence arguments. In the first alternative, the claim remains unexhausted; and petitioner either must dismiss the unexhausted claim or obtain a stay to exhaust. In the second alternative, the concession that the petitioner has no viable arguments renders the claim technically exhausted but also renders the claim subject to immediate dismissal because there are no potentially viable cause-and-prejudice or actual-innocence arguments for the federal court to consider.

Accordingly, the Court, generally, does not proceed to a cause-and-prejudice analysis as a matter of course following a holding that a claim is unexhausted.

A different situation is presented, however, where the Nevada state courts do not recognize a potential basis to overcome the procedural default arising from the violation of a state procedural rule that is recognized under federal law. In *Martinez v. Ryan*, 566 U.S. 1 (2012), the Supreme Court held that the absence or inadequate assistance of counsel in an initial-review collateral proceeding may be relied upon to establish cause excusing the procedural default of a claim of ineffective assistance of trial counsel. The Supreme Court of Nevada has declined to recognize cause under *Martinez* as cause to overcome a state procedural bar under Nevada state law. *Brown v. McDaniel*, 331 P.3d 867 (Nev. 2014).

Accordingly, a Nevada habeas petitioner who can rely upon *Martinez*, and only *Martinez*, as a basis for overcoming a state procedural bar on an unexhausted claim successfully can argue that the state courts would hold the claim procedurally barred but that he nonetheless has a potentially viable cause-and-prejudice argument under federal
///

law that would not be recognized by the state courts when applying the state procedural bars.

In the present case, petitioner relies upon *Martinez* to overcome a procedural default of the unexhausted claims. It does not appear from the current briefing that petitioner has other potentially viable bases for demonstrating cause-and-prejudice that might be recognized by the state courts and that thus would preclude a finding of technical exhaustion by procedural default as to the unexhausted claims. Respondents contend, however, that the unexhausted claims are substantive claims rather than claims of ineffective assistance of trial counsel and therefore are not subject to the rule in *Martinez*. (ECF No. 56, at 4 n.6.) The Court is not persuaded.

In Ground 2(B), as noted previously, petitioner alleges that he was denied effective assistance of counsel when he functionally was denied the assistance of counsel on his *pro se* pre-sentencing motion to withdraw guilty plea and at the evidentiary hearing on the motion. In *Davila v. Davis*, 137 S.Ct. 2058 (2017), the Supreme Court emphasized that the *Martinez* rule is limited to claims of ineffective assistance of trial counsel, given, *inter alia*, "the unique importance of protecting a defendant's trial rights, particularly the right to effective assistance of trial counsel." 137 S.Ct. at 2066. At the outset, an attorney representing a defendant in connection with a pre-sentence motion to withdraw a guilty plea is serving in a role nominally designated as trial counsel with regard to classifying claims of ineffective assistance of counsel. Moreover, nothing could be more important to protecting a defendant's trial rights than insuring that those rights are waived only knowingly, intelligently and voluntarily, including with regard to a pre-judgment challenge to the knowing, intelligent, and voluntary nature of the waiver. The Court accordingly concludes that Ground 2(B) constitutes a claim of ineffective assistance of trial counsel for purposes of *Martinez*.

The claim of cumulative error in Ground 3 in this action further is based exclusively on the claims of ineffective assistance of trial counsel asserted herein. The Ninth Circuit has treated claims of cumulative error based exclusively on claims of ineffective

assistance of trial counsel as claims of ineffective assistance of trial counsel for purposes of *Martinez*. *See Runningeagle v. Ryan*, 825 F.3d 970, 990 n.21 (9th Cir. 2016); *Detrich v. Ryan*, 740 F.3d 1237, 1266-67 & 1273 (9th Cir. 2013) (*en banc*). The Court accordingly concludes that Ground 3 also is subject to *Martinez*.

The Court therefore is persuaded that it should analyze cause and prejudice under *Martinez* as to the unexhausted claims in this case rather than direct petitioner under *Rose v. Lundy* to either dismiss the claims or seek other appropriate relief, such as a stay.

The Court is not inclined, however, either generally or in this nearly four-year-old case in particular, to undertake that analysis on supplemental briefing not connected with any pending motion. Such an approach does not always lead to the most efficient and expedient resolution of cases. Rather, the Court would prefer to address the matter in the same manner that it often does when a claim of cause and prejudice is based upon an independent claim of constitutionally ineffective assistance of either trial or appellate counsel. In such circumstances, the Court often defers a resolution of the cause-and-prejudice analysis until after the filing of an answer and reply contingently addressing the claims also on the merits, so that the Court may have the benefit in its analysis of a full factual and legal presentation as to all relevant claims. That is the procedure that the Court will follow herein.[5]

///

///

---

[5] The Court emphasizes that the action taken herein is premised upon petitioner having a potentially viable cause-and-prejudice argument based upon *Martinez*, and only *Martinez*, as opposed to having also potentially viable cause-and-prejudice arguments based upon grounds that the state courts would recognize. If petitioner begins arguing any such additional cause-and-prejudice arguments herein, that immediately will "kick" this case back into a procedural posture where the next step instead is dictated by *Rose v. Lundy* and its progeny. That is, the Court's action is taken on the premise that the unexhausted claims are technically exhausted by procedural default because petitioner has no potentially viable cause-and-prejudice (or actual-innocence) arguments that the state courts would recognize as a basis for overcoming the state procedural bars.

The Court further expresses no opinion as to the application of *Martinez* to claims of cumulative error that are not based exclusively on claims of ineffective assistance of trial counsel.

### III. CONCLUSION

It is therefore ordered that respondents' motion (ECF No. 49) is granted in part and denied in part, with the Court holding, on the showing made, that Grounds 2(B) and 3 are actually unexhausted but are technically exhausted because they would be procedurally barred by the state courts.

It is further ordered that the Court defers consideration of whether petitioner can demonstrate cause and prejudice under *Martinez v. Ryan*, 566 U.S. 1 (2012), to overcome the procedural default of Grounds 2(B) and 3 until after the filing of an answer and reply in this action.

It is further ordered that, within forty-five (45) days of entry of this order, respondents must file an answer addressing all claims in the amended petition on the merits, under a *de novo* standard of review as to Grounds 2(B) and 3, and also addressing whether Grounds 2(B) and 3 are barred by procedural default under federal law.

It is further ordered that petitioner will have forty-five (45) days from service of the answer within which to file a reply.

The Court is endeavoring to posture this matter for resolution in advance of March 31, 2018, to the extent possible with its habeas docket. Requests for extension based on scheduling conflicts between this action and other actions in this Court should be sought in the later-filed case.

DATED THIS 17th day of November 2017.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE